Kevin E. Dinius
Michael J. Hanby II
DINIUS LAW
5680 E. Franklin Rd., Suite 130
Nampa, Idaho 83687
Telephone:  (208) 475-0100
Facsimile:  (208) 475-0101
ISB Nos.    5974, 7997
*kdinius@diniuslaw.com*
*mhanby@diniuslaw.com*

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TYLER ROUNTREE, <br><br>           Plaintiff, <br><br> -vs- <br><br> CITY OF MERIDIAN, IDAHO; and <br> MERIDIAN CITY FIRE DEPARTMENT, <br><br>           Defendants. | CASE NO. _____ <br><br> **COMPLAINT** <br> **and DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff TYLER ROUNTREE, by and through his undersigned attorneys of record, the law firm of Dinius & Associates, PLLC, and for claims of relief and causes of action against Defendants the City of Meridian, Idaho and the Meridian City Fire Department, COMPLAINS AND ALLEGES as follows:

COMPLAINT and DEMAND FOR JURY TRIAL - 1

## PARTIES

1. At all times herein mentioned, Plaintiff Tyler Rountree (hereinafter, "Rountree") was a resident of the State of Idaho, residing in Meridian, Ada County, Idaho.

2. At all times herein mentioned, the City of Meridian (hereinafter, "the City") was and is a political subdivision of the State of Idaho and is also an employer.

3. At all times herein mentioned, Mark Niemeyer (hereinafter, "Chief Niemeyer") was and is the Fire Chief of the Meridian Fire Department and is residing in Ada County.

## JURISDICTION AND VENUE

4. The conduct complained of occurred in the City of Meridian, State of Idaho.

5. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to state law claims.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## NOTICE OF CLAIM

7. On July 17, 2014, Rountree timely filed a Notice of Tort Claim against Defendants pursuant to the Idaho Tort Claims Act, Idaho Code §§ 6-901 et seq.

## GENERAL ALLEGATIONS

**FLSA Violations**

8. Rountree is a full-time employee of the City of Meridian (hereafter "City") with the Meridian Fire Department (hereafter "the Department") and has been since February 2002.

9. In November 2011, Rountree was employed as a line Captain for the Department, under the Collective Labor Agreement (hereafter "CLA").

10. In November 2011, the Department instituted a Leadership Class and required

attendance for any Captain that may seek promotion to one of the six (6) positions for a one-year trial period in a Division Chief/Battalion Chief (hereafter "DC/BC") position.

11. The newly created positions would be on a one-year trial basis and would require the DC/BC employees to work one 24-hour shift as the Fire Battalion Chief (BC 31) engaged in fire protection activities on a scheduled shift constituting at least 60% of their work week, with additional administrative responsibilities under their respective positions.

12. The DC/BC positions were outside of the Collective Labor Agreement (hereafter "CLA").

13. In January 2012, the DC/BC positions were placed on a 40 hour a week FLSA cycle and were paid on a salary basis.

14. Rountree was employed as a DC/BC from January 2012 to June 2013 as a DC/BC salaried employee while working 24-shifts as a Battalion Chief engaged in fire protection activities in addition to his administrative hours.

15. DC/BC on-call coverage of BC 32 was required without compensation to the salaried DC/BC employees.

16. In 2012 and 2013, in addition to completing the required timecard information for the City, Rountree contemporaneously documented his hours worked and reported his approximate 2012 hours to Chief Niemeyer on or about January 29, 2013.

17. In addition to his BC 24 hour shift engaged in fire protection activities and his 16 hours per week administrative hours, Rountree worked at least 532.25 uncompensated hours in 2012 and 158.75 uncompensated hours from January through May 2013.

18. These hours included extra shifts as the Battalion Chief covering 24 hour shifts engaged in fire protection activities.

19. In 2012, the rate of pay for BC/DC Fire personnel was $39.13 per hour.

20. On or about June 21, 2013, the City changed the DC/BC employees to hourly positions on a 24 day/182 hour FLSA cycle.

21. The rate of pay for BC/DC Fire personnel was changed to $37.82 per hour.

22. Hours worked over 182 during the pay cycle were compensated at the overtime rate.

23. At least one BC/DC employee was paid compensation in addition to his salary for hours worked on a fire deployment in August 2012.

24. Rountree did not receive any additional compensation outside his salary.

25. On April 3, 2014, Chief Niemeyer admitted to Rountree that the City and Department had incorrectly paid all six (6) DC/BCs as salaried employees in 2012/2013 because under FLSA salaried employees could not work 24 hour shifts engaged in fire protection activities.

26. This was the first such notice Rountree had received of the error.

27. Accordingly, Rountree is entitled to the 532.25 uncompensated hours he worked as a salaried employee in 2012 which totals $31,237.75, plus penalties under Federal law.

28. Further, Rountree is entitled to 158.75 uncompensated hours he worked as a salaried employee in 2013 at his overtime rate of $58.69 per hour which totals $9,317.04, plus penalties under Federal law.

29. Chief Niemeyer entered into an agreement with the selected candidates for the positions, Fire Captains Rountree, Campbell and Welborn, that if the DC/BC program was terminated, the three (3) captains promoted from the line would function as Battalion Chiefs or would return to their former classification as a line Captain.

30. Rountree accepted the position as Division Chief of Communications/Battalion Chief <u>only</u> as a direct result of this agreement with Chief Niemeyer.

31. This agreement was not contrary to City or Department policy.

32. At all times relevant hereto, Rountree adequately performed his job duties as the Division Chief of Communications/Battalion Chief, receiving positive job evaluations in 2012 and 2013.

**Breach of Employment Agreement**

33. On April 3, 2014, Chief Niemeyer told Rountree that he was terminating the DC/BC program effective April 21, 2014.

34. Chief Niemeyer told Rountree that he would not be able to appoint Rountree to function in a Battalion Chief role as he had previously agreed.

35. On April 21, 2014, the DC/BC program was terminated.

36. On April 21, 2014, Chief Niemeyer appointed Shaul, Campbell and Welborn as Fire department "Shift Division Chiefs", commonly referred to as Battalion Chiefs, outside of the CLA, to function in a shift Battalion Chief role.

37. On April 21, 2014, Chief Niemeyer breached his agreement with Rountree when the DC/BC program was terminated and Rountree was not appointed as a "Shift Division Chief" functioning in a Battalion Chief role or returned to the line in his former classification as a line Captain.

38. On June 21, 2014, Rountree returned to the line as a Firefighter III, under the CLA.

39. As a Firefighter III, Rountree's wage is $65,174.40 annually.

40. As a Line-Captain, Rountree's wage was $78,285.20 annually.

41. Additionally, Rountree has lost significant opportunities as a result of his classification as a Firefighter III.

**Retaliation**

42. Chief Niemeyer and Rountree had a good working relationship prior to and following Rountree's promotion to DC/BC in 2012.

43. Chief Niemeyer frequently confided in Rountree regarding aspects of Fire Administration.

44. In December 2013, Rountree met with Chief Niemeyer and spoke to him regarding concerns he had about the misuse of public funds where Niemeyer had authorized City funds paying certain expenses relating to the funeral of a former City employee.

45. Rountree engaged in this protected activity out of concern for Chief Niemeyer, the Department and the expenditure of City funds.

46. Chief Niemeyer told Rountree that the expenses had been approved and that Rountree was not to be concerned about it.

47. Following that meeting, the relationship between Chief Niemeyer and Rountree's working relationship became strained.

## COUNT I
### (FLSA Violations, 29 U.S.C. §§ 201 et seq.)

48. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

49. As detailed above, Plaintiff was uncompensated for hours worked in 2012 and worked in excess of forty (40) hours a week in 2012 and 2013.

50. Defendants failed to pay Plaintiff at one and one half times his regular rate for hours worked in excess of forty (40) per workweek.

51. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquated (double) damages as provided by the FLSA for overtime violations, attorney's fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT II
### Breach of Employment Contract

52. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

53. Defendants' promised to appoint Rountree to function in a Battalion Chief role when the DC/BC program was terminated or Rountree would be returned to his former classification as a line Captain.

54. Rountree accepted the position in the DC/BC program on the express condition that he be reinstated to a Battalion Chief when the DC/BC program was terminated or he would be returned to his former classification as a line Captain.

55. This agreement constitutes a binding enforceable employment agreement.

56. Defendants' breached that agreement when they failed to appoint Rountree as a Battalion Chief when the DC/BC program was terminated and failed to reinstate Rountree to his former classification as a line Captain.

57. As a result of the Defendants' breach, Rountree has suffered and continues to suffer from a decrease in pay and a loss of other significant opportunities.

## COUNT III
### Retaliation/Violation of the Idaho Public Employee Protection Act

58. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

59. Rountree was engaged in protected activity.

60. Rountree communicated in good faith concerns about the existence of waste and misuse of public funds and suspected violation of laws, rules or regulations as protected under Idaho Code § 6-2104(1) and as outlined above.

61. Because of his communications, Defendants have taken adverse actions against Rountree affecting his employment, including the terms, conditions, and duration of employment as outlined above. These actions also interfered with his ability to perform his job in a productive manner and will have lasting implications on future employment.

62. There is a causal connection between the protected activity and the Defendants' adverse actions.

63. As a direct and proximate result of the Defendants' acts or omissions, Rountree has suffered general damages, loss of earnings, emotion damages, and punitive damages in an amount to be proven at trial, but which amount exceeds $10,000. Further, Rountree is entitled to costs and attorney fees, and any other relief allowed under Idaho Code § 6-2105.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury composed of no less than twelve (12) persons on all issues so triable, pursuant to F.R.C.P. 38(b).

## ATTORNEY FEES

Plaintiff Rountree is entitled to recover attorney fees and costs incurred in prosecuting each Count of this action pursuant to 29 U.S.C. § 216; Idaho Code § 6-2106; Idaho Code § 12-120; Idaho Code 12-121; I.R.C.P. 54; and all other applicable state and federal law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful

under FLSA;

2. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

3. Penalties available under applicable law;

4. For Plaintiff's reasonable attorney's fees and costs of court;

5. Pre-Judgment and post-judgment interest, as provided by law; and

6. Such other and further legal and equitable relief as this Court deems necessary and proper.

DATED this 18th day of August, 2014.

DINIUS LAW

*/s/ Kevin E. Dinius*
By:_____
Kevin E. Dinius
Michael J. Hanby II
Attorneys for Plaintiff